UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADONNA FROMETA,<br><br>        Plaintiff,<br><br>-against-<br><br>MARIO E DIAZ-DIAZ, ALL AMERICAN HAULERS RECYLING,<br><br>        Defendants. | Index No.: 07CIV6372<br><br>**VERIFIED ANSWER** |

Defendants, **MARIO E DIAZ-DIAZ, ALL AMERICAN HAULERS RECYLING,** by their attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Verified Answer to the plaintiff's Verified Complaint herein, upon information and belief, alleges:

  1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "1" of plaintiff's Verified Complaint.

  2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "2" of plaintiff's Verified Complaint.

  3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "3" of plaintiff's Verified Complaint.

  4. Defendants deny each and every allegation contained within paragraph "4" of plaintiff's Verified Complaint.

5. Defendants admit the allegation contained within paragraph "5" of plaintiff's Verified Complaint.

6. Defendants admit the allegation contained within paragraph "6" of plaintiff's Verified Complaint.

7. Defendants admit the allegation contained within paragraph "7" of plaintiff's Verified Complaint.

8. Defendants admit the allegation contained within paragraph "8" of plaintiff's Verified Complaint.

9. Defendants deny each and every allegation contained within paragraph "9" of plaintiff's Verified Complaint.

10. Defendants deny each and every allegation contained within paragraph "10" of plaintiff's Verified Complaint.

11. Defendants deny each and every allegation contained within paragraph "11" of plaintiff's Verified Complaint.

12. Defendants deny each and every allegation contained within paragraph "12" of plaintiff's Verified Complaint.

13. Defendants admit the allegation contained within paragraph "13" of plaintiff's Verified Complaint.

14. Defendants deny each and every allegation contained within paragraph "14" of plaintiff's Verified Complaint.

15. Defendants deny each and every allegation contained within paragraph "15" of plaintiff's Verified Complaint.

2886109.1

16. Defendants deny each and every allegation contained within paragraph "16" of plaintiff's Verified Complaint.

17. Defendants admit the allegation contained within paragraph "17" of plaintiff's Verified Complaint.

18. Defendants deny each and every allegation contained within paragraph "18" of plaintiff's Verified Complaint.

19. Defendants deny each and every allegation contained within paragraph "19" of plaintiff's Verified Complaint.

20. Defendants deny each and every allegation contained within paragraph "20" of plaintiff's Verified Complaint.

21. Defendants deny each and every allegation contained within paragraph "21" of plaintiff's Verified Complaint.

22. Defendants deny each and every allegation contained within paragraph "22" of plaintiff's Verified Complaint.

23. Defendants deny each and every allegation contained within paragraph "23" of plaintiff's Verified Complaint.

24. Defendants deny each and every allegation contained within paragraph "24" of plaintiff's Verified Complaint and respectfully refer all questions of law and fact to be determined by the Court.

25. Defendants deny each and every allegation contained within paragraph "25" of plaintiff's Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The plaintiff has failed to sustain a serious injury, as defined in subdivision (d) of § 5102 of the Insurance Law, or economic loss greater than basic economic loss, as defined in subdivision of (a) of § 5102 of the Insurance Law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. Upon information and belief, that the plaintiff's injuries, if any, were increased or caused by the plaintiff's failure to use and wear a seat belt at the time of the occurrence and, under the applicable laws, plaintiff may not recover for those injuries which he/she would not otherwise have sustained.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. The injuries and damages allegedly suffered by the plaintiff, if any (which injuries and damages are specifically denied by the defendant), were the result of culpable conduct or fault of third persons for whose conduct the defendant is not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Upon information and belief, that whatever damages the plaintiff may have sustained at the time and place mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to the plaintiff's bears to the culpable conduct which caused said injuries.

2886109.1

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Upon information and belief, plaintiff's economic loss, if any, as specified in § 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the court consider the same in determining such special damages as provided in § 4545 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. That the occurrence alleged herein was spontaneous and unavoidable and could not have been caused by these answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Verified Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by her.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

33. That the Verified Complaint herein fails to state a cause of action upon which relief may be granted.

**WHEREFORE**, defendants **MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING**, demands judgment over and against the plaintiff, dismissing plaintiff's complaint together with costs and disbursements.

Dated:   New York, New York
        July 26, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
John A. Hsu, Esq.
Attorneys for Defendants
**MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 01502.00009

TO: DINKES & SCHWITZER, P.C.
Attorneys for Plaintiff
112 Madison Avenue
New York, New York 10016
(212) 685-7800.

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

     **JOHN A. HSU**, being an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties of perjury, hereby affirms as follows:

     Affirmant is associated with the law firm of **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP,** attorneys for defendants, **MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING,** in the within action, and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

     Affirmant has read the foregoing **ANSWER TO VERIFIED COMPLAINT**, knows the contents thereof, and the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters affirmant believes them to be true.

     The grounds of affirmant's belief as to all matters not stated to be affirmant's knowledge are investigative and other information contained in the file of the said law firm.

Dated: New York, New York
       July 26, 2007

                                      _____
                                          JOHN A. HSU

2886109.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

**LYNN LOYD**, duly sworn, deposes, and says: that deponent is not a party to the action, is over 18 years of age and resides at COUNTY OF KINGS.

That on the 26th day of July, 2007, deponent served the within **VERIFIED ANSWER**, upon:

**DINKES & SCHWITZER, P.C**
**Attorneys for Plaintiff**
**112 Madison Avenue**
**New York, New York 10016**
**(212) 685-7800.**

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
LYNN LOYD

Sworn to before me
this 26th day of July, 2007

_____
Notary Public

ALEXANDRA C. PINO
Notary Public, State of New York
No. 01PI6097210
Qualified in Bronx County
Commission Expires August 16, 20__

2894302.1