UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADONNA FROMETA,<br><br>         Plaintiff,<br><br>-against-<br><br>MARIO E DIAZ-DIAZ, ALL AMERICAN HAULERS RECYLING,<br><br>         Defendants. | Index No.: 07CIV6372<br><br>**INTERROGATORIES** |

Defendants, **MARIO E DIAZ-DIAZ, ALL AMERICAN HAULERS RECYLING,** request that plaintiffs answer under oath, within thirty (30) days of service hereof, the following interrogatories, pursuant to Fed.R.Civ.P. 26 and 33 and the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Civil Rules:

Each interrogatory is addressed to not only the knowledge of plaintiff but knowledge and information obtained from plaintiff's attorneys, investigators, consultants, agents, employees or other representatives.

## INSTRUCTIONS

1. Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer. The answers are to be signed by the person making them.

2. If any interrogatory cannot be answered in full after exercising due diligence to secure the information requested therein, please so state and answer the interrogatory to the extent possible, specifying any inability to answer the remainder of

2894273.1

any such interrogatory and stating whatever information or knowledge is presently available to you concerning the unanswered portion of that interrogatory.

3. If you claim that the attorney-client privilege or any other privilege or protection is applicable to any document, the identification of which is sought by these interrogatories, the substance of that document need not be disclosed, but plaintiffs shall specify the ground for the claim, and with respect to that document:

(a) State the date, nature and subject matter of the document;

(b) Identify each author of the document;

(c) Identify each person who participated in preparing the document;

(d) Identify each person who received the document;

(e) Identify each person from whom the document was received;

(f) State the present location of the document and all copies thereof;

(g) Identify each person who has or ever had possession, custody or control of the document or any copy thereof;

(h) State the reasons for preparation of the document; and

(i) Provide all further information concerning the document and the circumstances upon which the claim of privilege or protection is asserted.

4. If you claim that the attorney-client privilege or any other privilege or protection is applicable to any oral communication other than a meeting, the identification of which is sought by these interrogatories, the substance of that oral

2894273.1

communication need not be disclosed, but you shall specify the ground for the claim, and with respect to each such oral communication:

    (a)    State the date and place of the oral communication;

    (b)    State the medium through which the oral communication was made;

    (c)    Identify each person who participated in or initiated the oral communication;

    (d)    Identify each person (other than a participant) who heard the oral communication;

    (e)    Identify each document that relates to what was said in the oral communication, whether the document predates, postdates, or is contemporaneous with the meeting; and

    (f)    Provide all further information concerning the oral communication and the circumstances upon which the claim of privilege or protection is asserted.

5.    These interrogatories are continuing in nature and require plaintiffs to file supplementary answers if further or different information is obtained before trial. Plaintiff is further advised that responses to these interrogatories must be supplemented immediately upon consultation with and retention of experts for the purpose of participating in the presentation of plaintiffs' case at trial.

2894273.1

## DEFINITIONS

For the purpose of these Interrogatories the items set forth below shall be defined as follows:

A. Accident and/or incident: the incident that allegedly occurred on January 16, 2006, as referred to in the Complaint.

B. Document: any written, recorded or graphic matter however produced or reproduced.

C. Standards: any industry or trade standards, governmental statutes, ordinances, rules, regulations or orders.

D. Plaintiff: Adonna Frometa

E. Identify: when used in reference to an individual person means to state his full name if known and his present or last known position and business affiliation. Identify when used in reference to a document means to state the type or document (e.g., letter, memorandum, telegram, chart, etc.), or some other means identifying it, and its present location or custodian. If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

## INTERROGATORIES

1. Set forth plaintiff, **Adonna Frometa**, date of birth, social security number and address of residence.

2894273.1

2. Does plaintiff, **Adonna Frometa,** make a claim for lost earnings? If so, state the amount of lost wages, the basis for the claim for lost earnings, and how the lost wages were calculated for plaintiff.

3. If applicable, please state: The nature of plaintiff, **Adonna Frometa's**, employment immediately prior to the alleged occurrence, indicating job title, classification or position; name and address of plaintiff's employer and place of business; and plaintiff's earnings.

4. Please state any activities or services performed by the plaintiff, **Adonna Frometa,** prior to the occurrence, for the loss of which compensation is being claimed, including the number of hours per week which plaintiff, **Adonna Frometa,** devoted to the activity or service and the cost, if any, of hiring an employee to perform the service or activity subsequent to the occurrence.

5. If tax returns, either State or Federal, were filed by or on behalf of the plaintiff, **Adonna Frometa,** for the year of the plaintiff's accident, or for either of all of the three years immediately proceeding, please state the gross income reported in each such year, and whether the said returns were individual or joint, and the state in which the returns were filed.

6. If the plaintiff, **Adonna Frometa,** was a student, give the name and address of the school attended at or about the time of the accident, and accurately state the length of time incapacitated from attending said school.

7. Identify all witnesses who can state as accurately as possible, the date and time, including the hour and minute insofar as it is possible to do so, at which the accident occurred, and who possess facts or opinions regarding the alleged occurrence.

8. Set forth the specific location where the accident occurred, specifying where plaintiff's vehicle was allegedly struck by another vehicle, and the amount of times the plaintiff's vehicle was allegedly struck, indicating by feet and inches the distance from the sidewalk, curb, buildings or other landmarks that would permit these defendants to identify with exactitude the location of the accident.

9. Set forth how the subject accident occurred and state the traffic controls if any, that plaintiff will claim existed at the scene and whether it will be claimed that the defendants violated and traffic controls.

10. Accurately state length of time confined to bed, specifying dates and the length of time confined to home, specifying dates for plaintiff.

11. Do you claim that any defect or defective condition of the defendants' vehicle caused or contributed to the accident?

    (a) If the answer to the preceding interrogatory is in the affirmative, please state: a full and complete description of any such defect or defective condition, indicating size, shape and color; the date and time in hours and minutes when any such defect or defective condition was learned; and how said defect or defective condition affected the use or operation of the subject vehicle.

2894273.1

   (b) Identify all eyewitness or witnesses that support the claim that there was a defect or defective condition which caused or contributed to the decedent's death.

12. Provide a detailed statement as to all acts of negligence, carelessness and recklessness claimed to have been committed by defendants herein, including but not limited to any violations of any statute, regulation or ordinance of the State of New York and the United States pertaining to vehicular traffic on the public highways.

13. Provide a detailed statement which forms the basis for the claim that the defendants were negligent and careless in the ownership, operation, maintenance, management and control of the vehicle.

14. State the basis of the claim that the accident occurred solely as a result of the negligence and carelessness of the defendants, without any fault or negligence on the part of plaintiffs contributing thereto.

15. Identify all witnesses who can support the claim that the accident occurred as a result of the negligent, reckless or careless conduct of the defendants, without any fault or negligence on the part of the plaintiffs contributing thereto and who can support the claim that the defendants were negligent, reckless or careless in the ownership, operation and control of the vehicle.

16. State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or to have been violated by the defendants.

17. Identify all witnesses to support the claim that on February 14, 2007, at the intersection of Lexington Avenue and 23rd Street in the County of New York, the plaintiff, **Adonna Frometa**, was the owner, operator, or passenger of a motor vehicle which was struck by another vehicle.

18. Identify all persons who inspected, photographed or tested any part or portion of the defendants' vehicle, or the location of the accident, or plaintiff's alleged injuries.

19. Set forth the injuries allegedly sustained by plaintiff as a result of the alleged incident. In your response indicate whether the alleged injuries are of a temporary or permanent nature.

20. Set forth the basis for plaintiff's claim that she sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York. Include the subsections of the Insurance Law of the State of New York which the injuries fall under.

21. Identify all witnesses with knowledge to support the claim that plaintiff sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

22. Identify all the medical care providers, medical facilities, physicians and surgeons that plaintiff received treatment from.

2894273.1

23. Does plaintiff claim that she sustained special damages or economic loss as a result of this accident? If so, set forth the basis for plaintiff's claim for special damages or economic loss.

24. Does plaintiff claim loss of society, services and consortium as a result of this accident? If so, set forth the basis for plaintiff's claim. Set forth an itemized list of the loss of society, services and consortium claimed for each plaintiff making the above claims.

25. Identify all individuals who provided information used in drafting plaintiff's responses to defendants' First Set of Interrogatories.

**PLEASE TAKE FURTHER NOTICE**, that defendants will object at the time of trial to any item not previously submitted in accordance with this demand.

Dated: New York, New York
July 26, 2007

                                              Yours, etc.

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
**JOHN A. HSU  (JH - 6425 )**
Attorneys for Defendants
**MARIO E DIAZ-DIAZ, ALL AMERICAN HAULERS RECYLING**
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 01502.00009

2894273.1

TO:    DINKES & SCHWITZER, P.C
        Attorneys for Plaintiff
        112 Madison Avenue
        New York, New York 10016
        (212) 685-7800.

2894273.1