UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Index No.: 07CIV6372
ADONNA FROMETA,

**PLAINTIFF'S RESPONSE TO INTERROGATORIES**

                Plaintiff,

    -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
                Defendants.
-------------------------------------------------------------------X

S I R S:

    PLEASE TAKE FURTHER NOTICE that the within is Plaintiff's Response to Interrogatories, as follows:

1. Set forth plaintiff, Adonna Frometa, date of birth, social security number and address of residence.

   Date of birth: March 25th, 1968; Social Security No.: 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; Address of residence: 666 E 233 Street, Apt.#1A, Bronx, NY 10466.

2. Does plaintiff, Adonna Frometa, make a claim for lost earnings? If so, state the amount of lost wages, the basis for the claim for lost earnings, and how the lost wages were calculated for plaintiff.

   Plaintiff Adonna Frometa is not making a claim for lost earnings.

3. If applicable, please state: The nature of plaintiff, Adonna Frometa's, employment immediately prior to the alleged occurrence, indicating job title, classification or position; name and address of plaintiffs employer and place of business; and plaintiffs earnings.

   Inapplicable, Plaintiff Adonna Frometa is not making a claim for lost earnings in this action.

4. Please state any activities or services performed by the plaintiff, Adonna Frometa, prior to the occurrence, for the loss of which compensation is being claimed, including the

number of hours per week which plaintiff, Adonna Frometa, devoted to the activity or service and the cost, if any, of hiring an employee to perform the service or activity subsequent to the occurrence.

Inapplicable, Plaintiff Adonna Frometa is not making a claim for lost earnings in this action.

5. If tax returns, either State or Federal, were filed by or on behalf of the plaintiff, Adonna Frometa, for the year of the plaintiffs accident, or for either of all of the three years immediately proceeding, please state the gross income reported in each such year, and whether the said returns were individual or joint, and the state in which the returns were filed.

Inapplicable, Plaintiff Adonna Frometa is not making a claim for lost earnings in this action.

6. If the plaintiff, Adonna Frometa, was a student, give the name and address of the school attended at or about the time of the accident, and accurately state the length of time incapacitated from attending said school.

Inapplicable, Plaintiff Adonna Frometa was not a student at the time of the accident.

7. Identify all witnesses who can state as accurately as possible, the date and time, including the hour and minute insofar as it is possible to do so, at which the accident occurred, and who possess facts or opinions regarding the alleged occurrence.

The plaintiff is unaware of the names and addresses of witnesses to the occurrence at this time.

8. Set forth the specific location where the accident occurred, specifying where plaintiffs vehicle was allegedly struck by another vehicle, and the amount of times the plaintiffs vehicle was allegedly struck, indicating by feet and inches the distance from the

sidewalk, curb, buildings or other landmarks that would permit these defendants to identify with exactitude the location of the accident.

The accident occurred in the left lane of east bound traffic on 23rd Street at or near its intersection with Lexington Avenue. Plaintiff's vehicle was struck in the rear in the left lane. Plaintiff's vehicle was struck once. Plaintiff's vehicle was struck from behind immediately before the intersection and the crosswalk dividing Lexington Avenue from 23rd Street.

9. Set forth how the subject accident occurred and state the traffic controls if any, that plaintiff will claim existed at the scene and whether it will be claimed that the defendants violated and traffic controls.

The accident occurred when the Plaintiff was struck in the rear by the defendants' truck while stopped at the intersection of 23rd Street and Lexington Avenue waiting for the light to change. The traffic controls existing at the location where the accident happened were limited to the traffic lights. Defendants failed to keep a safe distance from the rear of the plaintiff's car and failed to safely operate the truck thus causing the rear end collision.

10. Accurately state length of time confined to bed, specifying dates and the length of time confined to home, specifying dates for plaintiff.

Plaintiff was confined to bed for approximately 4 weeks following her accident and 2 weeks following her spinal surgery.

11. Do you claim that any defect or defective condition of the defendants' vehicle caused or contributed to the accident?

(a) If the answer to the preceding interrogatory is in the affirmative, please state: a full and complete description of any such defect or defective condition, indicating size, shape and color; the date and time in hours and minutes when any such defect or defective

condition was learned; and how said defect or defective condition affected the use or operation of the subject vehicle.

(b) Identify all eyewitness or witnesses that support the claim that there was a defect or defective condition which caused or contributed to the decedent's death.

Improper demand for Interrogatories as it is overly broad. However, without waiving this objection, Plaintiff is not aware of any defective condition of the defendants' vehicle at this time. Plaintiff reserves her right to amend this response following the conclusion of defendants' depositions in this matter and receipt of the maintenance and repair records for the defendants' truck involved in this accident.

12. Provide a detailed statement as to all acts of negligence, carelessness and recklessness claimed to have been committed by defendants herein, including but not limited to any violations of any statute, regulation or ordinance of the State of New York and the United States pertaining to vehicular traffic on the public highways.

Defendants committed the following acts of negligence, carelessness and recklessness:

- Failure to obey the instructions of official traffic-control device,
- Failure to use reasonable care to avoid the collision, where defendants saw or should have seen Plaintiff's vehicle near the intersection so that the collision was likely to occur,
- Following Plaintiff's vehicle more closely than was reasonable and prudent,
- Failure to have due regard for the speed of their vehicle and the traffic upon and the condition of the roadway
- Failure to drive their vehicle at a sufficient distance behind the Plaintiff's car ahead so as to be able to stop without striking Plaintiff's car in the rear when that car in front was stopped in due care.

- Failure to use reasonable care in that defendants' vehicle skidded due to its unreasonable high speed,
- failure to keep a reasonably vigilant lookout for other motor vehicles, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn another motor vehicle operator, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road;
- failure to operate their automobile with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions;
- failure to maintain a reasonably safe rate of speed;
- failure to have their automobile under reasonable control;
- failure to keep a proper lookout under the circumstances then existing to see and be aware of what was in their view;
- failure to use reasonable care to avoid an accident;
- failure to see that which under the facts and circumstances they should have seen by the proper use of their senses;
- failure to be observant of the surrounding circumstances;
- failure to make prompt, proper and timely use of the steering mechanism of their vehicle;
- failure to make prompt, proper and timely use of the braking mechanism of their motor vehicle;
- failure to maintain the braking and steering mechanisms of their vehicle in proper and adequate condition and repair;

- operation their vehicle at a greater rate of speed than care and caution would permit under the circumstances;
- failure to be observant of the traffic and roadway conditions at the time and place of this accident;
- causing, allowing and permitting their vehicle to lose control upon the roadway and to strike the plaintiff's vehicle;
- failure to give any signal, sound or warning of the approach of Plaintiff's vehicle;
- failure to exercise due and required care, caution and forbearance in the operation and control of their vehicle so as to have avoided this accident and the injuries to the plaintiff;
- failure to keep and maintain a proper lookout upon the roadway;
- failure to be and remain reasonably alert;
- violating those statutes, ordinances, rules and regulations in such cases made and provided, of which this Court will take Judicial Notice at the time of the trial of this action.

13. Provide a detailed statement which forms the basis for the claim that the defendants were negligent and careless in the ownership, operation, maintenance, management and control of the vehicle.

Defendants were negligent and careless in the ownership, operation, maintenance, management and control of their vehicle as follows:

- failure to operate and/or entrust the use of said motor vehicle to a suitable, competent, qualified, responsible, experienced, trained, diligent and adequate person;

- failure to ensure that said motor vehicle was operated by and/or entrusted for the use and operation as a vehicle, to a person who was fit, responsible, reliable, trustworthy, experienced, properly trained, instructed and of suitable judgment;

- failure to ensure that said motor vehicle was not operated and/or entrusted for use and operation as a vehicle, to a person without suitable judgment, experience, skill and diligence, who constituted a potential menace, hazard or danger to the public or otherwise, those with unsuitable propensities and those with emotional, physical, psychological and/or physiological traits or characteristics or unsuitable or unstable or contraindicated to safely operate and control such vehicle;

- failure to ensure that said motor vehicle was not operated by a person who was incapable of safely operating same;

14. State the basis of the claim that the accident occurred solely as a result of the negligence and carelessness of the defendants, without any fault or negligence on the part of plaintiffs contributing thereto.

    Improper demand for Interrogatories as it is overly broad and objected hereto. However, without waiving said objection, the defendant struck the Plaintiff in the rear while stopped.

15. Identify all witnesses who can support the claim that the accident occurred as a result of the negligent, reckless or careless conduct of the defendants, without any fault or negligence on the part of the plaintiffs contributing thereto and who can support the claim that the defendants were negligent, reckless or careless in the ownership, operation and control of the vehicle.

    Plaintiff is not aware of any witnesses at this time.

16. State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or to have been violated by the defendants.

Defendants, violated all applicable sections of the New York State Vehicle and Traffic Law and the New York City Traffic Rules and Regulations concerning the safe and proper operation of a motor vehicle upon the public ways and streets of the State of New York including but not limited to Vehicle and Traffic Law § 375, 1101, 1110, 1111, 1111-a, 1128, 1129, 1140, 1142, 1160, 1163, 1172, 1180, and Rules of the City of New York Title 34 Chapter 4-02, Title 34 Chapter 4-03, Title 34 Chapter 4-05, Title 34 Chapter 4-06. Furthermore, plaintiffs will request the Court to take judicial notice of all statutes, ordinances, rules and regulations which have been violated by the defendants herein.

17. Identify all witnesses to support the claim that on February 14, 2007, at the intersection of Lexington Avenue and 23rd Street in the County of New York, the plaintiff, Adonna Frometa, was the owner, operator, or passenger of a motor vehicle which was struck by another vehicle.

Plaintiff is not aware of any witnesses to the accident that occurred on February 14th, 2007 beside the Police officer listed on the Police Report and the parties herein.

18. Identify all persons who inspected, photographed or tested any part or portion of the defendants' vehicle, or the location of the accident, or plaintiff's alleged injuries.

Plaintiff is not aware of any persons who inspected, photographed or tested any part or portion of the defendants' vehicle or the location of the accident. As a result of the injuries sustained in this accident, Plaintiff is not aware of the names of EMS personnel who examined her injuries at the scene of the accident.

19. Set forth the injuries allegedly sustained by plaintiff as a result of the alleged incident. In your response indicate whether the alleged injuries are of a temporary or permanent nature.

**LUMBOSACRAL SPINE**

- Surgery - Right sided L5-S1 hemilaminotomy, medial facetectomy; removal of herniated disc,
- Herniated lumbar disc L5-S1,
- L3-4 and L4-5 posterior disc bulges
- L5-S1 diminished disc space height, disc hydration loss and anterior disc extension and anterior disc extension and anterior spurring with adjacent osseous vertebral edema as well as posterior disc herniation,
- L5-S1 intervertebral disc space narrowing with anterior productive changes,
- Neuropathic pain syndrome;
- Intractable back pain;
- Lumbar radiculopathy;
- Lumbar derangement;
- Restriction of motion lumbar sacral spine;
- Lumbar muscle spasm;
- Weakness in her lower extremities;
- Coughing and sneezing aggravates pain;
- Difficulty sitting and standing;
- Difficulty climbing stairs;
- Impaired mobility;
- Post traumatic early onset of arthritis;
- Need for future lumbar surgical intervention;
- Necessity for a future laminotomy/laminectomy/diskectomy/fusion.

As a result of the above injuries, plaintiff suffers severe pain and tenderness of the lumbar spine, weakness, loss of function, loss of strength, restriction of motion, difficulty

and ambulation, inability to sit for an extended period of time and difficulty in sleeping. Pain radiates to the lower extremities, all with involvement of the surrounding soft tissues, nerve endings, blood vessels, muscles, tendons and ligaments, all resulting in pain, deformity and disability.

## **CERVICAL SPINE**

- C2-3 and C4-5 posterior disc bulges/ruptures,
- C3-4 posterior disc herniation with ventral CSF impression,
- Flattening at the anterosuperior margin of the C6 vertebral body,
- Steroid injections x 3,
- Cervical radiculopathy;
- Restriction of motion - cervical spine;
- Cervical muscle spasm;
- Sensory loss upper extremity;
- Weakness upper extremity;
- Loss of gripping power;
- Loss of normal curvature of the cervical spine;
- Pain in upper back exacerbated with walking;
- Impaired mobility;
- Post traumatic early onset of arthritis;
- Need for future cervical spine surgical intervention;
- Necessity for a future laminotomy/laminectomy/diskectomy/fusion.

As a result of the above injuries, plaintiff suffers from pain restriction of motion of the cervical spine, tenderness, loss of function, loss of strength, loss of articulation,

muscle spasm. Pain radiates to the upper extremities, weakness, all with involvement of the surrounding tissues, nerve endings, blood vessels, muscles, tendons and ligaments all resulting in pain, numbness, deformity and disability.

## **THORACIC SPINE**

- T1-2 and T2-3 eccentric left-sided peripheral disc herniations
- Left maxillary thickening compatible with sinusitic change
- Radiculopathy;
- Restriction of motion - thoracic spine;
- Thoracic muscle spasm;
- Sensory loss upper extremity;
- Weakness upper extremity;
- Loss of gripping power;
- Loss of normal curvature of the thoracic spine;
- Pain in upper back exacerbated with walking;
- Impaired mobility;
- Post traumatic early onset of arthritis;
- Need for future thoracic spine surgical intervention;
- Necessity for a future laminotomy/laminectomy/diskectomy/fusion.

As a result of the above injuries, plaintiff suffers from pain restriction of motion of the thoracic spine, tenderness, loss of function, loss of strength, loss of articulation, muscle spasm. Pain radiates to the upper extremities, weakness, all with involvement of the surrounding tissues, nerve endings, blood vessels, muscles, tendons and ligaments all resulting in pain, numbness, deformity and disability.

20. Set forth the basis for plaintiffs claim that she sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York. Include the subsections of the Insurance Law of the State of New York which the injuries fall under.

    Plaintiff has sustained serious injuries as defined in subdivision d of Section 5102 of the Insurance Law. Plaintiff qualifies to sue for pain and suffering in accordance with Section 5102 of the Insurance Law of the State of New York. Plaintiff sustained serious injuries as defined in Subdivision (d) of Section 5102 of the Insurance Law, such that it resulted in significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred and eighty days immediately following the occurrence of the injury or impairment. Plaintiff suffered economic loss greater than the basic economic loss as defined in Subdivision (a) Section 5102 of the Insurance Law, in that plaintiff incurred expenses for medical treatment, loss of earnings and other necessary expenses as a result of this accident.

21. Identify all witnesses with knowledge to support the claim that plaintiff sustained a "serious injury" as defined in Section 5102(d) of the Insurance Law of the State of New York.

    Plaintiff intends to call at the time of trial as her witnesses with knowledge to support the claim that she sustained a "serious injury" all medical doctors that treated her as a result of this accident.

22. Identify all the medical care providers, medical facilities, physicians and surgeons that plaintiff received treatment from.

    Plaintiff was treating with the following medical providers:
    - CABRINI MEDICAL CENTER

- RAMESH P. BABU, MD
- RANGA KRISHNA, MD
- ANDREW M. DAVY, MD
- STANDUP MRI OF MANHATTAN
- MIDTOWN MEDICAL PRACTICE, PC
- ARDEN KAISMAN, MD
- MYRTLE PHARMACY, INC.
- WESTCHESTER MEDICAL CARE, PC

23. Does plaintiff claim that she sustained special damages or economic loss as a result of this accident? If so, set forth the basis for plaintiffs claim for special damages or economic loss.

Approximate and continuing amount claimed by plaintiff as special damages are as follows:

    a. Physician's services:      $10,000.00

    b. Medical supplies:      $5,000.00

    c. Hospital expenses:      $100,000.00

    d. Nurse's services:      $15,000.00

    e. Lost earnings:      not applicable

    f. Other special damages:      $185,000.00 (cost of future surgeries to the cervical/lumbar/thoracic spine: laminotomy/laminectomy/diskectomy/fusion)

    g. Out of pocket expenses:      $13,000.00

24. Does plaintiff claim loss of society, services and consortium as a result of this accident? If so, set forth the basis for plaintiffs claim. Set forth an itemized list of the loss of society, services and consortium claimed for each plaintiff making the above claims.

Plaintiff does not claim loss of society, services or consortium as a result of this accident.

25. Identify all individuals who provided information used in drafting plaintiffs responses to defendants' First Set of Interrogatories.

Improper demand for Interrogatories as it is overly broad, may require privileged information and, as such, is objected hereto. Without waiving said objection the Plaintiff's injury portion were gleaned from her medical records.

PLEASE TAKE FURTHER NOTICE, that these responding plaintiff(s) reserve their right to amended and/or supplemental this response up to and including the time of trial.

Dated: New York, New York
      September 18, 2007

                          Yours, etc.,
                          SLAWEK W. PLATTA, PLLC
                          By:

                          _____
                          Allen L. LaRock (ALL 8831)
                          Attorney for Plaintiff
                          42 Broadway, Suite 1927
                          New York, New York 10004
                          212-514-5100

TO:    WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        Attorneys for Defendants
        MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
        150 East 42nd Street
        New York, New York 10017-5639
        212-490-3000

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK      )
                       ) s.s.:
COUNTY OF NEW YORK     )

Slawek W. Platta, an attorney admitted to practice law before the courts of the State of New York affirms the following under penalties of perjury, pursuant to CPLR 2106:

That affirmant is not a party to this action and is over the age of 18 years.

That on September 18, 2007, affirmant served the within **PLAINTIFF'S RESPONSE TO INTERROGATORIES** upon the defendant(s) and/or attorney(s) for defendant(s) by depositing a true copy of same securely enclosed in a postpaid wrapper in a post office, official depository under the exclusive care and custody of the United States Postal Service within the state of New York, directed to said individuals or offices as follows:

**WILSON ELSER MOSKOWITZ, EDELMAN & DICKER, LLP**
150 E 42ND STREET
NEW YORK, NY 10017-5639

these being the respective addresses within the State designated by them for that purpose upon the preceding papers in this action or the respective place where they kept an office between which places there then was and now is a regular communication by mail.

_____
SLAWEK W. PLATTA

## VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of New York, affirm the following to be true:

That I am of counsel to the law firm of SLAWEK W. PLATTA, PLLC, attorneys for the plaintiff in the within action;

That I have read the within **PLAINTIFF'S RESPONSE TO INTERROGATORIES** and know the contents thereof, and that the same is true to my knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to these matters I believe them to be true;

That the sources of my information and knowledge are investigations and records on file, in the office.

That the reason this verification is made by affiant and not by the plaintiffs is that the plaintiffs do not reside within the County of New York, which is the county where we have our office.

Dated: New York, New York
September 18, 2007

_____
Allen L. LaRock (ALL 8831)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Index No.: 07CIV6372
ADONNA FROMETA,

                                Plaintiff,

    -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
                    Defendants.
-----------------------------------------------------------------X
===========================================================

## PLAINTIFF'S RESPONSE TO INTERROGATORIES

===========================================================

SLAWEK W. PLATTA, PLLC
*Attorneys for*: Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

===========================================================

Service of a copy of the within                            is hereby admitted.
Dated,                               Plaintiff
       Attorney(s) for
===========================================================

PLEASE TAKE NOTICE:
    ☐ NOTICE OF ENTRY
  that the within is a (certified) true copy of an           duly entered in the office of
  the clerk of the within named court on _____200__.

    ☐ NOTICE OF SETTLEMENT
      that an order               of which the within is a true copy
      will be presented for settlement to the HON.         one of the judges of
      the
      within named Court, at                           on
          200__ at_____ O'clock ___.M.
Dated, September 18, 2007
                                        Yours, etc.

                                    **SLAWEK W. PLATTA, PLLC**

# CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

_____
Allen L. LaRock (ALL 8831)

Sworn to before me on this
September 18, 2007

_____
Notary Public

SLAWOMIR W. PLATTA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02PL6171290
Qualified In Kings County
My Commission Expires July 23, 2011