UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   Index No.: 07CIV6372
ADONNA FROMETA,

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND
DOCUMENT REQUESTS**

                  Plaintiff,

     -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS
RECYCLING
               Defendants.
-----------------------------------------------------------------------X

S I R S :

    PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rule 33.3, plaintiff, ADONNA FROMETA, by her attorneys, SLAWEK W. PLATTA, PLLC, hereby requests defendants to answer under oath the following interrogatories and requests for documents, separately and fully in writing, within thirty days after the date of service of this Notice. The answers hereto should include all information known up to the date of the verification thereof.

    PLEASE TAKE FURTHER NOTICE THAT, each interrogatory and each subpart of each interrogatory should be accorded a separate answer. <u>Each answer should first set forth verbatim the interrogatory to which it is responsive</u>. Interrogatories or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

    PLEASE TAKE FURTHER NOTICE that these interrogatories and this request for documents are continuing and you should promptly supply by way of supplemental answers any and all additional responsive information or documents that may become known prior to the trial of this action.

## DEFINITIONS

Plaintiff hereby incorporates by reference the definitions and rules of construction set forth in Local Civil Rule 47.

In addition, the following definitions shall apply herein except where otherwise indicated by words or context:

1. <u>Document</u> - The term "document" has the meaning of "documents" set forth in Rule 24(a) of the Federal Rules of Civil Procedure, and includes writings, drawings, graphs, charts, photographs, computer disks, and any other data compilations from which information can be obtained and/or translated, if necessary, by the respondent through detection devices into reasonably usable form.

2. <u>Government</u> - The term "Government" means defendant the United States of America, its agents, employees, representatives, and each person acting or purporting to act on its behalf.

3. <u>Defendant</u> - The term "defendant" means the United States of America, its agents, employees, representatives, and each person acting or purporting to act on its behalf.

## CLAIMS OF PRIVILEGE

Pursuant to Local Civil Rule 46, if you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege, identify:

1. the nature of the privilege, including work product;
2. if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;
3. with respect to each document:
    a. the type of document,
    b. general subject matter of the document,
    c. the date of the document,
4. the author(s) and addressee(s) of the document, and where not apparent, the relationship of the author and the addresses to each other, and any recipient of the document; and
5. with respect to each oral communication:
    a. the name of the person making the communication,

      b. the names of all persons present while the communication was made,

      c. where not apparent, the relationship of the person present to the person making the communication,

      d. the date and place of the communication, and

      e. the general subject matter of the communication.

6. Identify each and every act or acts of negligence, culpability, lack of care or omissions on the part of the plaintiff which it will be claimed caused or contributed to the accident.

7. Set forth the time and location of said acts and/or omissions.

8. Set forth the degree, extent and/or proportion to which it will be claimed plaintiff's alleged negligence contributed to the accident.

9. State whether it will be claimed plaintiff's alleged negligent acts were committed and/or omitted by plaintiff solely or jointly with other persons.

    a) If with other persons, set forth the names and addresses of other persons;

    b) Identify the act or acts of negligence and omissions which will be alleged on the part of each other person;

    c) Set forth the degree, extent and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident;

    d) Set forth the time and location of each of the aforesaid mentioned acts by each person.

10. Set forth whether it will be alleged the injuries and/or damages sustained by plaintiff were in any way caused, initiated, continued and/or contributed to any acts or omissions of plaintiff.

If so, set forth:
a) A detailed statement of the acts or omissions by plaintiff which it will be alleged caused, initiated, continued and/or contributed to plaintiff's injuries and/or damages and the manner in which said acts or omissions occurred;
b) Set forth the time and exact location of said acts or omissions;
c) Set forth the proportion, extent, degree and nature of plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of plaintiff caused, continued and/or contributed to plaintiff's injuries.

11. Set forth whether it will be claimed any other persons, caused, continued and/or contributed to plaintiff's injuries and/or damages. If so, set forth:
a) The names and addresses of all such persons;
b) The time and location of each person's acts or omissions;

    c) The manner in which each person's acts or omissions occurred;
    d) The proportion, degree and extent it will be alleged each person caused, continued and/or contributed to plaintiff's injuries and/or damages.

12. Set forth the total proportion, degree or extent to which it will be claimed plaintiff's injuries and/or damages are diminished by plaintiff's alleged negligence, if any.

13. Set forth in writing the names and addresses of each person claimed by any party you represent to be a witness to any of the following:
    a) The occurrence alleged in the complaint;
    b) Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;
    c) The nature and duration of the conditions which allegedly caused the occurrence alleged in the complaint;
    d) If any affirmative defense is alleged, state the names and addresses of any witnesses to the acts, notice or conditions substantiating the alleged affirmative defense.
    e) If no such witnesses are known to the defendant(s), so state.

14. Identify any and all statements, documents, abstracts or recordings and/or writings taken by the defendant, individually or by the defendant's attorney and/or agents from the plaintiff with reference to the within litigation which are presently in the possession of the defendant's agents and/or attorney. If no such document or statement is in the possession, custody or control of any parties you represent in this action, so state.

15. Identify each and every accident-incident report prepared in the usual course of business of the defendant(s) referable to the incident complained of herein, its location and author.

16. Identify any and all policies of insurance in effect at the time of the occurrence complained of under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

17. Identify all primary insurance agreements and policies of liability insurance.

18. Identify all excess and umbrella insurance agreement and policies of liability insurance.

19. Identify any and all policies of insurance covering the basic liability, excess, co-insurance and all other applicable liability, medical payments, coverages and no-fault coverages, as they apply to the underlying accident and as specified in the complaint and more particularly the accident which occurred on November 29, 1997.

20. Identify any and all claims brought against the defendant during the applicable policy period, the amount sought in each such claim, and the amount already paid, if any.

21. If the defendant intends to introduce expert testimony at the time of trial of the above captioned action, set forth the following.

    a) the corresponding subject matter to which each expert witness is expected to testify;

    b) the corresponding substance of the facts and the corresponding substance of the opinions to which each expert is expected to testify;

    c) a summary of the corresponding grounds for each such expert's testimony;

    d) the qualifications of each proposed expert; and

    e) the identify of each such expert witness.

22. If defendant's vehicle was damaged due to the occurrence alleged in the complaint, identify:

    a) the nature of the damage;

    b) the location of the damage;

    c) if such damage was repaired, the place of repair;

    d) the cost of repair;

    e) any and all photographs, drawings or other documents depicting the damage; and

    f) any and all invoices, bills or other documents relating to repair of defendant's vehicle.

## **REQUEST FOR DOCUMENTS**

Your are hereby requested to produce to the undersigned, within thirty days of the date of this request, the following documents (or your copies thereof in the event that the originals are not in your possession or under your control):

1. All photographs, drawings, sketches, maps, or other depictions showing (a) any damage allegedly sustained by defendants vehicle as a result of the accident described in the complaint, and (b) the area in which the accident allegedly took place.

2. All accident reports or other investigative reports relating to the accident described in the complaint.

3. All written statements made by defendant, its representatives, agents, or employees or set of notes, written transcription, audio recording, or video recording of statements made by

defendant, its representatives, agents or employees regarding the accident described in the complaint and the injuries allegedly sustained by plaintiff as a result of that accident.

4. All written statements made by any witness to the accident described in the complaint or set of notes, written transcription, audio recording, or video recording of statements made by any witness to the accident, regarding the accident and the injuries allegedly sustained by plaintiff as a result of that accident.

5. All notes of each and every conversation plaintiff has had with the Government regarding the events described in the complaint and the injuries allegedly sustained by plaintiff as a result of those events.

6. All statements made by defendant, however recorded, concerning any allegation of the complaint.

7. All statements made by any person identified in response to the above interrogatories, however recorded, regarding any allegation of the complaint.

8. All written statements, set of notes, written transcriptions, audio recordings or video recordings of statements regarding any injury to plaintiff sustained on November 29, 1997.

9. For each expert named in response to Interrogatory 15 above please attach:
   a. All curriculum vitae or resumes of the expert.
   b. All documents relied upon or given to the expert in connection with his or her services in this matter.
   c. All documents supplied to the expert by the defendant.
   d. Any report prepared by the expert in connection with his or her services in this matter.

10. Any and all policies of insurance in effect at the time of the occurrence complained of under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnity or reimburse for payments made to satisfy the judgment.

11. All primary insurance agreements and policies of liability insurance.

12. All excess and umbrella insurance agreements and policies of liability insurance.

13. The policies of insurance covering the basic liability, excess, co-insurance and all other applicable liability, medical payments, coverages and no-fault coverages, as they apply to the underlying accident and as specified in the complaint and more particularly the accident which occurred on November 29, 1997.

14. All statements, abstracts or recordings and/or writings taken by the defendant, individually or by the defendant's attorney and/or agents from the plaintiff with reference to the within litigation which are presently in the possession of the defendant's agents and/or attorney. If no such statement is in the possession, custody or control of any parties you represent in this action, so state.

15. A duplicate of the maintenance and repair records of the defendants vehicle named in the complaint for a one year period up to and including date of accident.

16. Each and every accident-incident report prepared in the usual course of business of the defendant referable to the incident complained of herein.

17. All documents other than those covered by requests 1 through 16 above referred to relating to or identified in your responses to the Interrogatories above.

18. Copy of all training courses certificates underwent by the defendants herein.

19. Copy of log book for the defendants herein for the date of the accident.

20. Copy of the certificates and materials from the driver's safety courses attended by defendants herein over the past five years.

21. Copy of the Commercial Drivers License (CDL) of the defendant Mario Diaz.

22. Copy of the defendant Diaz time sheets for seven days prior to and including the date of the accident.

Dated: New York, New York
September 18, 2007

Yours, etc.,
SLAWEK W. PLATTA, PLLC
BY: _____
Allen L. LaRock (ALL 8831)
Attorneys for Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
212-514-5100

TO:   WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
      Attorneys for Defendants
      MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
      150 East 42nd Street
      New York, New York 10017-5639
      212-490-3000

## AFFIRMATION OF SERVICE

STATE OF NEW YORK      )
                       ) s.s.:
COUNTY OF NEW YORK     )

Slawek W. Platta, an attorney admitted to practice law before the courts of the State of New York affirms the following under penalties of perjury, pursuant to CPLR 2106:

That affirmant is not a party to this action and is over the age of 18 years.

That on September 18, 2007, affirmant served the within **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** upon the defendant(s) and/or attorney(s) for defendant(s) by depositing a true copy of same securely enclosed in a postpaid wrapper in a post office, official depository under the exclusive care and custody of the United States Postal Service within the state of New York, directed to said individuals or offices as follows:

**WILSON ELSER MOSKOWITZ, EDELMAN & DICKER, LLP**
150 E 42ND STREET
NEW YORK, NY 10017-5639

these being the respective addresses within the State designated by them for that purpose upon the preceding papers in this action or the respective place where they kept an office between which places there then was and now is a regular communication by mail.

_____
SLAWEK W. PLATTA

## **VERIFICATION**

I, the undersigned, an attorney admitted to practice in the Courts of New York, affirm the following to be true:

That I am of counsel to the law firm of SLAWEK W. PLATTA, PLLC, attorneys for the plaintiff in the within action;

That I have read the within **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS** and know the contents thereof, and that the same is true to my knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to these matters I believe them to be true;

That the sources of my information and knowledge are investigations and records on file, in the office.

That the reason this verification is made by affiant and not by the plaintiffs is that the plaintiffs do not reside within the County of New York, which is the county where we have our office.

Dated:  New York, New York
        September 18, 2007

_____
Allen L. LaRock (ALL 8831)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No.: 07CIV6372
ADONNA FROMETA,

                                    Plaintiff,

   -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
                        Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS

SLAWEK W. PLATTA, PLLC
*Attorneys for*: Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

Service of a copy of the within               is hereby admitted.
Dated,                                  Plaintiff
        Attorney(s) for

PLEASE TAKE NOTICE:
    ☐ NOTICE OF ENTRY
    that the within is a (certified) true copy of an           duly entered in the office of
    the clerk of the within named court on _____ 200__.

    ☐ NOTICE OF SETTLEMENT
        that an order               of which the within is a true copy
        will be presented for settlement to the HON.       one of the judges of
        the
        within named Court, at                       on
            200__ at _____ O'clock ___.M.
Dated, September 18, 2007
                                   Yours, etc.

                                 **SLAWEK W. PLATTA, PLLC**