UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    Index No.: 07CIV6372
ADONNA FROMETA,

                                     Plaintiff,

     -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAUELRS
RECYCLING,

                                  Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## PURSUANT TO FRCP RULE 56

Respectfully Submitted,
LAW OFFICES OF SLAWEK W. PLATTA, PLLC
Attorneys for Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

## **PRELIMINARY STATEMENT**

This memorandum is submitted in support of Plaintiff's Motion for Summary Judgment on the issue of liability. This is a two car accident which occurred on February 14th, 2007 at or near the intersection of 23rd Street and Lexington Avenue, County of New York. Defendants, MARIO E. DIAZ-DIAZ, ALL AMERICAN HAUELRS RECYCLING, were driving east on 23rd Street and struck Plaintiff, ADONNA FROMETA's vehicle in the rear while her vehicle was fully stopped for five seconds at the red light controlling her direction of traffic.

**ARGUMENT**

**SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY MUST BE GRANTED TO THE PLAINTIFF WHERE THE EVIDENCE ESTABLISHES THAT THE ACCIDENT WAS CAUSED SOLELY BY THE DEFENDANTS FAILURE TO KEEP A SAFE DISTANCE AND STRIKING PLAINTIFF'S VEHICLE THAT WAS STOPPED DUE TO TRAFFIC LIGTHS, IN THE REAR.  AS SUCH, THE PLAINTIFF BEARS NO LIABILITY FOR THE OCCURRENCE OF THE ACCIDENT.**

1. The FRCP Rule 56(c) provides that "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". A Court may grant summary judgment in a proceeding when it has been established that no triable issue of fact exists.  Summary judgment is designed to expedite all civil cases by eliminating from the trial calendar claims, which can be properly resolved as a matter of law. *Andre v. Pomeroy*, 35 N.Y.2d 361; 320 N.E.2d 583; 362 N.Y.S.2d 131.

2. It must be reiterated, that plaintiff's vehicle was stopped and as such the plaintiff bears absolutely no liability for the occurrence of the accident. Moreover, *the evidence* establishes that the accident was caused by the negligence of the defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING, when their sanitation truck rear-ended the plaintiff's vehicle. The defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING are fully responsible for the occurrence of this accident as a matter of law.

3. Where as in the case at bar, the Plaintiff makes the prima facie showing that a rear-end collision was caused when the defendants' vehicle struck the Plaintiff's vehicle from the rear the burden shifts to the defendant to provide a non-negligent explanation as to how the accident occurred and conclusory allegations will not suffice to rebut the inference of negligence. "When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and to maintain control of his vehicle and use reasonable care to avoid colliding with the other vehicle" - *Young v. City of New York*, 113 A.D.2d 833 at 834, 493 N.Y.S.2d 585 at 585 (2nd Dept. 1985); *Giorolamo v. Liberty*

*Lines Tr.*, 284 A.D.2d 371, 726 N.Y.S.2d 132; *Cacace v. DiStefano*, 276 A.D.2d 457, 713 N.Y.S.2d 758, *Mascitti v. Greene*, 250 A.D.2d 821, 822, 673.

### DEFENDANTS' WERE NEGLIGENT AS THEY VIOLATED VEHICLE AND TRAFFIC LAW §1129(A) AND 1180(A)(E) BY FOLLOWING TOO CLOSELY, FAILING TO STOP AND DRIVING THEIR VEHICLE AT A SPEED GREATER THAN REASONABLE UNDER EXISTING WEATHER CONDITIONS, THUS COLLIDING IN THE REAR OF PLAINTIFF'S VEHICLE LAWFULLY STOPPED DUE TO A RED TRAFFIC LIGHT.

4. The issuance of an Order pursuant to FRCP Rule 56 is warranted if the plaintiff cannot be found culpably negligent in causing or contributing to the accident as a matter of law. A review of the facts reveals that the defendant was negligent in causing the accident. Due to the defendants', MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING, negligence in causing the accident summary judgment on the issue of liability in favor of the plaintiff against the defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING, as matter of law is warranted at this time.

5. The New York State Vehicle and Traffic Law §1129(a) states "*the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway*".

6. The New York State Vehicle and Traffic Law §1180(a) states "*no person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing*".

7. The New York State Vehicle and Traffic Law §1180(e) states "*the driver of every vehicle shall, consistent with the requirements of subdivision (a) of this section, drive at an appropriate reduced speed when...any special hazard exists with respect to pedestrians, or other traffic by reason of weather or highway conditions...*".

8. Had the defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING been following at a reasonably prudent distance with regard for speed and the current condition of the highway, they would have stopped prior to colliding in the rear with the plaintiff's vehicle.

9. Based on the deposition testimony of the plaintiff the defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING violated vehicle and traffic law §1129(a) and §1180(a)(e).

10. The prevailing law on this issue is replete with findings that the operator of the moving vehicle is prima facie negligent and required to rebut the inference of negligence created by an unexplained rear-end collision because he is in the best position to state whether it was a mechanical failure or some other reasonable excuse. The defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING have no reasonable excuse for the accident. It is clear from the evidence that the defendants were following too closely in violation of the Vehicle and Traffic Law, were unable to stop in time and disregarded bad weather conditions, therefore they are fully liable for the occurrence of this accident.

11. In *Leal v. Wolff*, 224 A.D.2d 392; 638 N.Y.S.2d 110 (2nd Dept. 1996), the court held that a rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle to explain how the accident occurred. In *Leal* the defendant was under a duty to maintain a safe distance between his car and Leal's car and offered no non-negligent excuse.

12. Similarly, in this case plaintiff was the operator of a stopped vehicle due to red traffic light and there is no non-negligent excuse for the accident. The defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING had a duty to maintain a reasonably prudent distance and failed to do so in order to avoid the plaintiff's vehicle. Defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING, collided in the rear with a stopped vehicle that was lawfully stopped due to a red traffic light controlling its direction of traffic.

13. In *Rainford v. Han*, 18 A.D.3d 638; 795 N.Y.S.2d 645 (2nd Dept. 2005), the court held a rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence to provide a non-negligent explanation for the collision. In *Rainford* the appellants were traveling in heavy stop-and-go traffic and the defendant brought the vehicle to a gradual stop and then a complete stop when it was struck in the rear. The moving vehicle's response that the car in front stopped suddenly was not a sufficient explanation for the accident to rebut the inference of negligence.

14. In the present action, the plaintiff's vehicle was stopped for five seconds immediately before the impact. Once completely stopped the vehicle was rear-ended by defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING vehicle, that was following too closely at an unreasonable speed for the prevailing conditions of the roadway. There is no reasonable non-negligent excuse for the accident. The cause of the accident was the defendants', MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING negligence in the operation of their sanitation truck. Had defendants MARIO E. DIAZ-DIAZ and ALL AMERICAN HAULERS RECYCLING been complying with the vehicle and traffic law §1129(a) and 1180(a)(e) this accident would have been avoided.

**CONCLUSION**

15. Based on the foregoing facts and the New York Vehicle and Traffic Law, the only inference that may be drawn is that defendant's conduct constitutes negligence as a matter of law. Accordingly, summary judgment in favor of plaintiff on the issue of liability must be granted.

By: _____
Slawek W. Platta (SP 2699)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADONNA FROMETA,

                *Plaintiff,*

-against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAUELRS RECYCLING,

                *Defendants.*

Index No.: 07CIV6372

## MEMORANDUM OF LAW

SLAWEK W. PLATTA, PLLC
*Attorneys for*: Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

The undersigned attorney hereby certifies, pursuant to 22 NYCRR §130-1.1-a, that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in 22 NYCRR § 130-1.1(c).

Attorney name: Slawek W. Platta

Service of a copy of the within                  is hereby admitted.
Dated,                       Plaintiff
        Attorney(s) for

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of an          duly entered in the office of the clerk of the within named court on _____ 200__.

☐ NOTICE OF SETTLEMENT

that an order          of which the within is a true copy
will be presented for settlement to the HON.          one of the judges of the
within named Court, at          on          200___
at_____ O'clock ___.M.

Dated, April 7, 2008

                              Yours, etc.

                              **SLAWEK W. PLATTA, PLLC**