UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X     Index No.: 07CIV6372
ADONNA FROMETA,

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

                              Plaintiff,

    -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
                        Defendants.
------------------------------------------------------------------X

S I R S :

    PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and Local Civil Rule 33.3, plaintiff, ADONNA FROMETA, by her attorneys, SLAWEK W. PLATTA, PLLC, hereby requests defendants to answer under oath the following interrogatories and requests for documents, separately and fully in writing, within thirty days after the date of service of this Notice. The answers hereto should include all information known up to the date of the verification thereof.

    PLEASE TAKE FURTHER NOTICE THAT, each interrogatory and each subpart of each interrogatory should be accorded a separate answer. <u>Each answer should first set forth verbatim the interrogatory to which it is responsive</u>. Interrogatories or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

    PLEASE TAKE FURTHER NOTICE that these interrogatories and this request for documents are continuing and you should promptly supply by way of supplemental answers any and all additional responsive information or documents that may become known prior to the trial of this action.

## DEFINITIONS

Plaintiff hereby incorporates by reference the definitions and rules of construction set forth in Local Civil Rule 47.

In addition, the following definitions shall apply herein except where otherwise indicated by words or context:

1. <u>Document</u> - The term "document" has the meaning of "documents" set forth in Rule 24(a) of the Federal Rules of Civil Procedure, and includes writings, drawings, graphs, charts, photographs, computer disks, and any other data compilations from which information can be obtained and/or translated, if necessary, by the respondent through detection devices into reasonably usable form.

2. <u>Government</u> - The term "Government" means defendant the United States of America, its agents, employees, representatives, and each person acting or purporting to act on its behalf.

3. <u>Defendant</u> - The term "defendant" means the United States of America, its agents, employees, representatives, and each person acting or purporting to act on its behalf.

## CLAIMS OF PRIVILEGE

Pursuant to Local Civil Rule 46, if you refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege, identify:

1. the nature of the privilege, including work product;
2. if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;
3. with respect to each document:
    a. the type of document,
    b. general subject matter of the document,
    c. the date of the document,
4. the author(s) and addressee(s) of the document, and where not apparent, the relationship of the author and the addresses to each other, and any recipient of the document; and
5. with respect to each oral communication:
    a. the name of the person making the communication,

     b. the names of all persons present while the communication was made,

     c. where not apparent, the relationship of the person present to the person making the communication,

     d. the date and place of the communication, and

     e. the general subject matter of the communication.

6. Identify each and every act or acts of negligence, culpability, lack of care or omissions on the part of the plaintiff which it will be claimed caused or contributed to the accident.

7. Set forth the time and location of said acts and/or omissions.

8. Set forth the degree, extent and/or proportion to which it will be claimed plaintiff's alleged negligence contributed to the accident.

9. State whether it will be claimed plaintiff's alleged negligent acts were committed and/or omitted by plaintiff solely or jointly with other persons.

    a) If with other persons, set forth the names and addresses of other persons;

    b) Identify the act or acts of negligence and omissions which will be alleged on the part of each other person;

    c) Set forth the degree, extent and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident;

    d) Set forth the time and location of each of the aforesaid mentioned acts by each person.

10. Set forth whether it will be alleged the injuries and/or damages sustained by plaintiff were in any way caused, initiated, continued and/or contributed to any acts or omissions of plaintiff.

    If so, set forth:
    a) A detailed statement of the acts or omissions by plaintiff which it will be alleged caused, initiated, continued and/or contributed to plaintiff's injuries and/or damages and the manner in which said acts or omissions occurred;
    b) Set forth the time and exact location of said acts or omissions;
    c) Set forth the proportion, extent, degree and nature of plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of plaintiff caused, continued and/or contributed to plaintiff's injuries.

11. Set forth whether it will be claimed any other persons, caused, continued and/or contributed to plaintiff's injuries and/or damages. If so, set forth:
    a) The names and addresses of all such persons;
    b) The time and location of each person's acts or omissions;

  c) The manner in which each person's acts or omissions occurred;
  d) The proportion, degree and extent it will be alleged each person caused, continued and/or contributed to plaintiff's injuries and/or damages.

12. Set forth the total proportion, degree or extent to which it will be claimed plaintiff's injuries and/or damages are diminished by plaintiff's alleged negligence, if any.

13. Set forth in writing the names and addresses of each person claimed by any party you represent to be a witness to any of the following:
    a) The occurrence alleged in the complaint;
    b) Any acts or conditions which have been alleged as causing the occurrence alleged in the complaint;
    c) The nature and duration of the conditions which allegedly caused the occurrence alleged in the complaint;
    d) If any affirmative defense is alleged, state the names and addresses of any witnesses to the acts, notice or conditions substantiating the alleged affirmative defense.
    e) If no such witnesses are known to the defendant(s), so state.

14. Identify any and all statements, documents, abstracts or recordings and/or writings taken by the defendant, individually or by the defendant's attorney and/or agents from the plaintiff with reference to the within litigation which are presently in the possession of the defendant's agents and/or attorney. If no such document or statement is in the possession, custody or control of any parties you represent in this action, so state.

15. Identify each and every accident-incident report prepared in the usual course of business of the defendant(s) referable to the incident complained of herein, its location and author.

16. Identify any and all policies of insurance in effect at the time of the occurrence complained of under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

17. Identify all primary insurance agreements and policies of liability insurance.

18. Identify all excess and umbrella insurance agreement and policies of liability insurance.

19. Identify any and all policies of insurance covering the basic liability, excess, co-insurance and all other applicable liability, medical payments, coverages and no-fault coverages, as they apply to the underlying accident and as specified in the complaint and more particularly the accident which occurred on November 29, 1997.

20. Identify any and all claims brought against the defendant during the applicable policy period, the amount sought in each such claim, and the amount already paid, if any.

21. If the defendant intends to introduce expert testimony at the time of trial of the above captioned action, set forth the following.

    a) the corresponding subject matter to which each expert witness is expected to testify;

    b) the corresponding substance of the facts and the corresponding substance of the opinions to which each expert is expected to testify;

    c) a summary of the corresponding grounds for each such expert's testimony;

    d) the qualifications of each proposed expert; and

    e) the identify of each such expert witness.

22. If defendant's vehicle was damaged due to the occurrence alleged in the complaint, identify:

    a) the nature of the damage;

    b) the location of the damage;

    c) if such damage was repaired, the place of repair;

    d) the cost of repair;

    e) any and all photographs, drawings or other documents depicting the damage; and

    f) any and all invoices, bills or other documents relating to repair of defendant's vehicle.

## REQUEST FOR DOCUMENTS

Your are hereby requested to produce to the undersigned, within thirty days of the date of this request, the following documents (or your copies thereof in the event that the originals are not in your possession or under your control) or items of discovery:

1. Copy of the insurance policy for the vehicles owned by defendant Mario E. Diaz-Diaz on February 14th, 2007.

2. Copies of employment records of defendant Mario E. Diaz-Diaz from 2003 to 2007. If no records are available, an authorization for same duly executed by defendant Diaz should be provided.

3. Duly executed HIPPA authorization for the medical records of all doctors that treated defendant Diaz's eye condition, as testified to on December 4th, 2007. This should include

authorization for the clinic located at Clifton Avenue, Jefferson Avenue and Main Avenue as well as any hospital records related to the treatment of his eye condition.

4. Duly executed HIPPA authorization for the records of the place where Mr. Diaz changed his glasses in beginning of 2007, as testified to on December 4th, 2007.

5. Copy of defendant Diaz's CDL license from the time of the accident.

6. Authorization to obtain DMV records regarding any eye tests performed by defendant Diaz on or before February 14th, 2007.

7. On site inspection of the vehicle that defendant Diaz drove on the date of the accident, that was involved in this accident.

8. Authorization for the non-privileged portion of the property damage file of the carrier Carolina Casualty Insurance Company, including any photos, repair bills and estimates for their vehicle. If there is no property damage file in existence, an affidavit to same should be provided by defendant herein.

9. Documents indicating the date when defendant Diaz had restrictions for eye glasses placed on his driver's license. This should include but not be limited to a copy of defendant Diaz current driver's license as well as a copy of the one that was in effect on the date of the accident.

Dated: New York, New York
March 26, 2008

Yours, etc.,
SLAWEK W. PLATTA, PLLC
BY: _____
Slawek W. Platta (SWP 2699)
Attorneys for Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
212-514-5100

TO: WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendants
MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
150 East 42nd Street
New York, New York 10017-5639
212-490-3000

## VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of New York, affirm the following to be true:

That I am of counsel to the law firm of SLAWEK W. PLATTA, PLLC, attorneys for the plaintiff in the within action;

That I have read the within **PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS** and know the contents thereof, and that the same is true to my knowledge, except as to the matters herein stated to be alleged upon information and belief, and that as to these matters I believe them to be true;

That the sources of my information and knowledge are investigations and records on file, in the office.

That the reason this verification is made by affiant and not by the plaintiffs is that the plaintiffs do not reside within the County of New York, which is the county where we have our office.

Dated: New York, New York
       March 21, 2008

_____
Slawek W. Platta (SWP 2699)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X   Index No.: 07CIV6372
ADONNA FROMETA,

                               Plaintiff,

    -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAULERS RECYCLING
               Defendants.
-----------------------------------------------------------------X

===============================================================================

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

===============================================================================

                      SLAWEK W. PLATTA, PLLC
                      *Attorneys for*: Plaintiff
                      42 Broadway, Suite 1927
                      New York, New York 10004
                      (212) 514-5100

===============================================================================

Service of a copy of the within                                 is hereby admitted.
Dated,                                <u>Plaintiff</u>
    Attorney(s) for

===============================================================================

PLEASE TAKE NOTICE:
    ☐ <u>NOTICE OF ENTRY</u>
  that the within is a (certified) true copy of an         duly entered in the office of
  the clerk of the within named court on _____ 200__.

    ☐ <u>NOTICE OF SETTLEMENT</u>
      that an order            of which the within is a true copy
      will be presented for settlement to the HON.       one of the judges of
      the
      within named Court, at                         on
         200___ at_____ O'clock ___.M.

Dated, March 21, 2008

                                                    Yours, etc.

                                                **SLAWEK W. PLATTA, PLLC**