UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================X    Index No. 07CIV6372
ADONNA FROMETA,

                       Plaintiff,    **AFFIRMATION IN SUPPORT**

       -against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAUELRS
RECYCLING,

                       Defendants.
==================================X

      Slawek W. Platta, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following pursuant to FRCP Rule 11.

## INTRODUCTION

1. I am a member of the law firm of SLAWEK W. PLATTA, PLLC, attorneys for the plaintiff in the above named action and, as such, am fully familiar with the facts, circumstances and proceedings herein. The source of my knowledge is the file and records maintained by my law firm and my participation in the case.

2. This affirmation is submitted in support of the instant motion seeking summary judgment on the issue of liability pursuant to FRCP Rule 56 in favor of the plaintiff. The evidence demonstrates the defendants MARIO E. DIAZ-DIAZ and ALL AMERICAN HAUELRS RECYCLING were wholly negligent as a matter of law.

3. The action arises out of a motor vehicle accident, which occurred on February 14th, 2007, at approximately 4:30 in the morning at or near the intersection of 23rd Street and Lexington Avenue, County of New York. The vehicle in which plaintiff was operating **was stopped at a red light when she was struck in the rear by a sanitation truck operated by defendant MARIO E. DIAZ-DIAZ and owned by defendant ALL AMERICAN HAUELRS RECYCLING.**

4. The instant action for summary judgment is respectfully made on the grounds that the evidence establishes that the plaintiff did not cause or contribute in any way to the happening of the alleged incident and that the defendants, MARIO E. DIAZ-DIAZ and ALL AMERICAN HAUELRS RECYCLING were negligent as a matter of law in causing the accident.

5. For the reasons set forth below there is no triable issue of fact precluding the granting of summary judgment on the issue of liability in favor of the plaintiff against each of the defendants as a matter of law pursuant to FRCP Rule 56.

6. Plaintiff's Memorandum of Law is attached hereto as **Exhibit A**.

## PROCEDURAL BACKGROUND

7. A summons and complaint was filed with the Clerk of the Supreme Court on June 13th, 2007 (**Exhibit B**). Issue was joined on July 26th, 2007 (**Exhibit C**).

8. On July 12th, 2007 defendant served Notice of Removal (**Exhibit D**).

9. On September 18th, 2007 Plaintiff served FRCP Rule 26(a)(1) Disclosures (**Exhibit E**).

10. On July 26th, 2007 defendants served their First Set of Interrogatories (**Exhibit F**).

11. Plaintiff provided her Response to defendants' Interrogatories (**Exhibit G**) together with her First Set of Interrogatories on September 18th, 2007 (**Exhibit H**).

12. Defendants provided their Response to Plaintiff's Interrogatories on November 1st, 2007 (**Exhibit I**).

13. On March 21st, 2008, Plaintiff served her Second Set of Interrogatories (**Exhibit J**) together with her Further Response to Defendants' First Set of Interrogatories (**Exhibit K**). To date defendant did not provide response to same.

14. The instant action is based in negligence and arose as a result of a motor vehicle accident that occurred on February 14th, 2007, while plaintiff's vehicle was traveling east bound on 23rd Street, County of New York. The plaintiff's vehicle was fully stopped for 5 seconds because of the red light controlling her direction traffic, when Ms. Frometa's vehicle was violently struck in the rear by a sanitation truck owned and operated by defendants herein.

15. On or about December 4th, 2007, the Plaintiff, ADONNA FROMETA, testified at an examination before trial (**Exhibit L**). Plaintiff's affidavit is attached hereto as **Exhibit "M"**. Plaintiff, ADONNA FROMETA testified as follows:

   a. On February 14th, 2007 Plaintiff was involved in a motor vehicle accident. (Page 17, line 19 – 25 and page 18 line 2-3).

   b. On that day Plaintiff was the operator of a vehicle when she was struck in the rear. (Page 29, lines 8-12).

   c. The accident occurred on east bound 23rd Street right before the intersection of Lexington Avenue. (§1 of Plaintiff's Affidavit).

   d. The plaintiff's vehicle immediately before the accident **was stopped** for five seconds. (Page 28, line 25 and page 29, lines 1-4).

   e. The Plaintiff's car was **struck causing one heavy impact to plaintiff's vehicle.** (Page 29, lines 6-12).

   f. **The impact was felt from the rear.** (Page 29, lines 8-9 and §1 of Plaintiff's Affidavit).

16. On December 4th, 2007 and January 11th, 2007 the Defendant, MARIO E. DIAZ-DIAZ, testified at an examination before trial. Annexed hereto as **Exhibit "N"** is a copy of defendant's EBT transcript. Defendant, MARIO E. DIAZ-DIAZ testified as follows:

   a. On February 14th, 2007 defendant, MARIO E. DIAZ-DIAZ was involved in an automobile accident. (Page 47, lines 21-24).

   b. At the time of the accident the defendant, MARIO E. DIAZ-DIAZ, was the driver of a sanitation truck "MAC" owned by ALL AMERICAN HAULSERS for which he had permission to drive. (Page 48, lines 8-25, page 49 lines 1-16).

   c. Prior to the accident there were no problems with the vehicle. (Page 54, lines 17-20).

    d. Defendant, MARIO E. DIAZ-DIAZ, stated that he saw Plaintiff's vehicle for ten seconds before the accident occurred (page 165 lines 12-15) and that his sanitation truck slid from the moment he applied the brakes until the moment of impact. (Page 92, lines 20-25 and page 93 lines 1-10).

    e. Defendant, MARIO E. DIAZ-DIAZ, stated that as per his own observation there was 4-5 inches of snow covering the 23rd Street between Park Avenue and Lexington Avenue (page 84 lines 24-25, page 85 lines 1-22).

    f. Defendant, MARIO E. DIAZ-DIAZ, stated that the front portion of his vehicle came into contact with the rear portion of plaintiff's vehicle. (Page 90, lines 8-25 and page 91 lines 1-23).

17. Both plaintiff's and defendant's testimony confirm that the plaintiff's vehicle was hit in the rear by the vehicle operated by defendant, MARIO E. DIAZ-DIAZ and owned by defendant ALL AMERICAN HAULERS RECYCLING.

18. Additionally, the Police Report (**Exhibit O**) in its description of the vehicles damage codes clearly indicates that the front of defendants' vehicle and rear of Plaintiff's vehicle came into contact as a result of this accident. Moreover, it lists code# 19 in box 21 on the top right side of the Police Report, which refers to "Unsafe Speed" of the defendants' vehicle pursuant to MV-104AC attached hereto as **Exhibit P.**

19. There has been no prior application for the relief sought herein made to this or any other Court.

    **WHEREFORE**, it is respectfully requested that an Order be entered pursuant to FRCP Rule 56 granting summary judgment on the issue of liability in favor of the plaintiff and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 7, 2008

                                              SLAWEK W. PLATTA (SP 2699)

## AFFIRMATION OF SERVICE

STATE OF NEW YORK )
) s.s.:
COUNTY OF NEW YORK )

Slawek W. Platta, an attorney admitted to practice law before the courts of the State of New York affirms the following under penalties of perjury, pursuant to CPLR 2106:

That affirmant is not a party to this action and is over the age of 18 years.

That on April 7, 2008, affirmant served the within NOTICE OF MOTION upon the defendant(s) and/or attorney(s) for defendant(s) by depositing a true copy of same securely enclosed in a postpaid wrapper in a post office, official depository under the exclusive care and custody of the United States Postal Service within the state of New York, directed to said individuals or offices as follows:

WILSON ELSER MOSKOWITZ, EDELMAN & DICKER, LLP
150 E 42ND STREET
NEW YORK, NY 10017-5639

these being the respective addresses within the State designated by them for that purpose upon the preceding papers in this action or the respective place where they kept an office between which places there then was and now is a regular communication by mail.

_____
SLAWEK W. PLATTA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADONNA FROMETA,

               *Plaintiff,*

-against-

MARIO E. DIAZ-DIAZ, ALL AMERICAN HAUELRS RECYCLING,

               *Defendants.*

Index No.: 07CIV6372

## NOTICE OF MOTION

SLAWEK W. PLATTA, PLLC
*Attorneys for*: Plaintiff
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

The undersigned attorney hereby certifies, pursuant to 22 NYCRR §130-1.1-a, that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in 22 NYCRR § 130-1.1(c).

Attorney name: Slawek W. Platta

Service of a copy of the within is hereby admitted.
Dated,                              Plaintiff
     Attorney(s) for

PLEASE TAKE NOTICE:

   ☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an                duly entered in the office of the clerk of the within named court on _____ 200__.

   ☐ NOTICE OF SETTLEMENT
that an order                          of which the within is a true copy
will be presented for settlement to the HON.              one of the judges of the
within named Court, at                                    on            200__
at_____ O'clock ___.M.

Dated, April 7, 2008

                              Yours, etc.

                              **SLAWEK W. PLATTA, PLLC**