**WILSON, ELSER, MOSKOWITZ, EDELMAN**

3 Gannett Drive, White Plains, New York 10604
Tel: 914.323.7000  Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

April 17, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/08
```

**VIA FACSIMILE**
United States District Court
Chambers of Harold Baer, Jr.
500 Pearl Street
New York, NY 10007

Attn: Honorable Judge Baer

> Re:  Adonna Frometa v. Mario E. Diaz-Diaz & All American Haulers & Recycling
> Date of Loss:  2/14/2007
> Case No.:  07 CV 6372
> Our File No.:  01502.00009

Dear Judge Baer:

    Pursuant to your request during our telephone conference April 15, 2008, defendants counsel are vehemently opposed to producing the personal automobile insurance policy of the defendant Mario Diaz-Diaz, as it is in no way applicable in the instant case.

    The following facts are undisputed: On December 4, 2007, Defendant Mario E. Diaz-Diaz testified that he was employed as a garbage truck driver by All American Hauling Recycling. At the time of the accident on February 14, 2007, Defendant Diaz-Diaz was driving a sanitation truck owned by All American Haulers Recycling, with his employer's permission and consent.

    Furthermore, Defendant Diaz-Diaz testified that on February 14, 2007, he **did not own** a vehicle, however, his wife owned a vehicle and she procured the insurance. ( **See Defendant's Deposition Transcript Enclosed** Pages 9, lines 24-25, and page 10, lines 1-17.) Defendant Diaz-Diaz is a resident of New Jersey, therefore New Jersey law would govern the applicability of a contract purchased for personal automobile liability insurance for a New Jersey registered vehicle. Under N.J. Stat. § 17:28-1.1, insuring for loss resulting from liability imposed by law for bodily injury or death <u>must arise out</u> of the <u>ownership</u>, <u>maintenance</u> or <u>use</u> of a <u>motor vehicle</u>. Therefore, the insurance follows the vehicle not the driver. Since Defendant Diaz-Diaz was driving his employer's vehicle when the accident occurred, the insurance policy purchased on his wife's personal automobile is not applicable in the instant case and obviously therefore, would not provide coverage.

1959609.1

In addition, N.J. Stat. §17:28-1.1(c) does not allow stacking of insurance coverage to increase the limits of coverage available, even if multiple insurance policies were applicable. In the instant matter, Defendants were insured through Carolina Casualty Insurance Company for $1,000,000, therefore there is no issue with respect to coverage. Plaintiff's counsel's fishing expedition is unfounded and unsupported, as such, defendants request that the Court deny plaintiff's request.

Thank you for your time and consideration. We look forward to hearing from you.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

John A. Nsd

Cc:
Slawek Platta, PLLC @ 212-514-9300
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

*[Handwritten note:]* With due deference to your vehement opposition, the policy or letter styled Mario Dion Dias personal policy for his wife's car which provides coverage for him will be produced. There is no hardship as NJ statute is hardly a model of clarity + thus it may be arguable that the policy is applicable.

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 4/23/08

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1959609.1

Endorsement:

    With due deference to your "vehement opposition" the Mario Diaz Diaz personal policy or letter styled the policy for his wife's car which provides coverage for him will be produced. There is no hardship and the New Jersey statute is hardly a model of clarity and thus it may be arguable that the policy is applicable.