3 Gannett Drive, White Plains, New York 10604
Tel: 914.323.7000 Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris*

www.wilsonelser.com

April 23, 2008

**RECEIVED**
APR 23 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/08

**VIA FACSIMILE**
United States District Court
Chambers of Harold Baer, Jr.
500 Pearl Street
New York, NY 10007

Attn: Honorable Judge Baer

Re:   Adonna Frometa v. Mario E. Diaz-Diaz & All American Haulers & Recycling
      Date of Loss:   2/14/2007
      Case No.:       07 CV 6372
      Our File No.:   01502.00009

Dear Judge Baer:

Please accept this letter in response to the letter sent by plaintiff's counsel dated April 22, 2008, regarding excess insurance of defendant All American Haulers Recycling.

Contrary to the belief of plaintiff's counsel, defendants did not have a specific time period for which they were to disclose the excess insurance or umbrella coverage of defendant All American Haulers or the affidavit indicating same did not exist.

Defendant's counsel has served on plaintiff three affidavits of *"NO EXCESS OR UMBRELLA"* coverage of defendant All American Haulers Recycling (Enclosed). As defense counsel explained to your Honor during the phone conference, the defendant company is no longer in business. Defense counsel has given plaintiff an affidavit from defendant All American Haulers Recycling's underlying liability insurance carrier, from their broker and from the broker's agent. As such, Defendants have fully complied with the Court's directive.

Furthermore, on the issue of expert disclosure, this Court issued an endorsement that discovery could continue up to one week before trial. In addition, the disclosure of defendants' experts was delayed by the late discovery given to defendants by plaintiff's counsel in the first week of April 2008, coupled with the availability of defendants' expert doctors to conduct an examination of plaintiff and her diagnostic films. Even if the endorsement issued by this Court did not apply to expert disclosure, plaintiff's counsel has received the expert disclosure of defendants almost 60 days prior to trial, therefore he has more than enough time to prepare for trial which is on or after May 23, 2008. Should plaintiff's counsel research the issue, as there was no "bad faith" and "no prejudice" to plaintiff, defendants' expert disclosure should be

1965218.1

allowed even though it was served two weeks after the time prescribed by the Pre-Trial Scheduling Order. See <u>Dippel v. Farrell Lines Inc.</u>, 2004 U.S. Dist. Lexis 2944; <u>Virgin Enterprises Limited v. American Longevity</u>, 2001 U.S. Dist. Lexis 2048.

Thank you for your time and consideration. We look forward to hearing from you.

Very truly yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

John A. Hsu

Cc:
Slawek Platta, PLLC @ 212-514-9300
42 Broadway, Suite 1927
New York, New York 10004
(212) 514-5100

*[Handwritten annotation:]* While the object of the PTSO is to avoid disputes such as whether 2 weeks is prejudicial — it seems not at now prejudicial — honored in the breach. Here in the spirit of the Fed Rules, i.e. to try cases on their merits I will allow the disclosure — I wave no more letters from either party [T/X] or r. Disputes arise among adults — let them up dP who address the matter between resolve themselves — but I do feel in writing me your positions & where you back in settlement & your clients authentic to speak to [ ] in the mediation. All "cloaked communication is ex parte."

That gives you full authority to settle & prefer a client.

Harold Baer

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1965218.1

Harold Baer, Jr., U.S.D.J.
Date: 4/23/08

Endorsement:

　　　While the object of the PTSO is to avoid disputes such as whether 2 weeks is prejudicial or not or how prejudicial - it seems honored in the breach.  Here in the spirit of the Fed. Rules, i.e., to try cases on their merits I will allow the disclosure.  I want no more letters from either party if more disputes arise arrange a telephone conference or better yet act like adults and resolve the matter between yourselves.  What I do need in writing are your positions and where you each are re settlement and your clients availability or a letter that gives you full authority to settle.  I'd prefer a client in order to proceed with the mediation.  All such communication is ex parte.