```
                                                                     489
     89BMFROT

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   ADONNA FROMETA,

 4
                Plaintiff,
 5
          v.                               07 CV 6372 (HB)
 6
     MARIO E. DIAZ-DIAZ and
 7   ALL AMERICAN HAULERS RECYCLING,

 8              Defendants.

 9   ------------------------------x

10                                         New York, N.Y.
                                           September 11, 2008
11                                         10:30 a.m.

12
     Before:
13
                       HON. HAROLD BAER
14
                                           District Judge
15                                         - and a jury -

16
                            APPEARANCES
17
     SLAWEK W. PLATTA, PLLC
18        Attorneys for Plaintiff
     BY.  SLAWEK W. PLATTA
19
     WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
20        Attorneys for Defendants
     BY:  STUART A. MILLER
21        MICHAEL W. COFFEY

22

23

24

25


                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

```
                                                                 490
        89BMFROT

1                (Trial resumed)
2                THE COURT:  What have you got to tell me?
3                MR. PLATTA:  Your Honor, I was requesting a conference
4      in order to settle the case with the parties, and I was asking
5      for ex parte discussion between me and my client and your
6      Honor.  I was, however, informed this morning that the
7      defendants want to withdraw their prior offer of 500,000.
8      Again, our request at this point is a conference with you ex
9      parte to discuss the case and discuss settlement of this case.
10               THE COURT:  I don't understand.  What is it he's
11     telling me?
12               MR. MILLER:  I can't speak for what he's telling you,
13     your Honor, but I can state that on behalf of our clients we
14     did withdraw the $500,000 offer that we extended yesterday in
15     the beginning of deliberations.
16               THE COURT:  Where is the discussion we are supposed to
17     have?  I assume I'm allowed to do that.
18               MR. PLATTA:  That's correct, your Honor.  All I want
19     to do is have a discussion with you in order to settle the
20     case.  However if you feel it's impossible, I am not going to
21     ask it again.
22               THE COURT:  I'm glad to talk about it to resolve it,
23     but today is not a good day.  If you're here and I have a
24     moment, which looks quite unlikely, I'll be glad to try and --
25     we have all of the seven defendants.
```

```
                                                                       491
          89BMFROT


 1                MR. COFFEY:  Your Honor, if I just may quickly, we
 2     have extended a $250 to $750,000 range on a high-low offer to
 3     the plaintiff.  He has not rejected it or accepted it.  That's
 4     the best we are going to do at this time.  He has to either
 5     accept it or reject it.
 6                THE COURT:  Why don't we go in the robing room for a
 7     minute.  When you get everybody here, I'll let you know.
 8                (In the robing room)
 9                THE COURT:  Tell me more how this high-low should
10     work, if it was to work at all.  Where we are --
11                MR. MILLER:  Your Honor, what we have offered
12     plaintiff for consideration is that in the event that the
13     jury -- whatever the number the jury comes back with, if it's
14     within the range of 250 --
15                THE COURT:  Wait a second.
16                MR. MILLER:  If the verdict comes in with a note
17     somewhere between 250 and 750,000, the number that the verdict
18     comes in for is the amount that the case would settle for.  If
19     the verdict comes in in excess of $750,000, the case would
20     settle for $750,000 with no more money other than the 750.  If
21     the verdict comes in for something less than 250 or a defense
22     verdict, the defendants would still settle the case for
23     $250,000.  This settlement would be nonappealable, no further
24     appellate reviews or motion practice.  It would be a binding
25     settlement in its entirety.


                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

                                                                        492
           89BMFROT

    1              THE COURT:  Which you would put on the record.
    2              MR. MILLER:  That's what we have extended to
    3    plaintiff's counsel, and we have officially withdrawn the
    4    $500,000 offer.
    5              THE COURT:  What do you think this case at the moment
    6    is worth?  What is it you'd like to see in your client's
    7    pocket?
    8              MR. PLATTA:  Your Honor, after the deposition of the
    9    defense witness doctors, I don't think the case was worth
    10   anything more than a million.  My client was persuaded to look
    11   for a policy in this case.  However, I would like to have a
    12   discussion without the presence of defendants with you
    13   regarding settlement of this case.
    14             THE COURT:  If that's okay with them, it's okay with
    15   me.  Don't go far.  This is going to be very quick.  I have
    16   seven defendants who are about to come out of the can, and we
    17   got to service them.
    18             (Defense counsel not present)
    19             THE COURT:  You want it on the record?
    20             MR. PLATTA:  Not on the record.
    21             (Discussion off the record)
    22             (In open court)
    23             THE COURT:  Another note in Frometa.
    24             Dr. Krishna's records of seeing the plaintiff and his
    25   referral to Dr. Babu.


                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

```
                                                                       493
          89BMFROT


1                I'm prepared to give them those records if you can
2      produce them and not interfere with the rest of my day.
3                MR. PLATTA:  Your Honor, Ms. Frometa would like to
4      make a statement on the record regarding offer from defendants.
5                THE COURT:  If she wants to talk --
6                MR. PLATTA:  I would like to put her on the record
7      regarding the offer that the defendants made in this case.
8                MR. MILLER:  There is no objection to that, your
9      Honor.
10               THE COURT:  You have the next case.  Maybe as soon as
11     we give them these records we will have another moment.
12               (Recess pending verdict)
13               THE COURT:  Ms. Frometa, why don't you go in the
14     witness box.
15               You are going to ask her some questions.
16               MR. PLATTA:  Ms. Frometa, are you aware that there was
17     an offer of settlement made?  Are you aware that there was a
18     high-low settlement offer on your case of $250,000 to $750,000,
19     which basically means that if you lose the case you will
20     collect 250,000; if you win, the maximum you can win is 750.
21     Or if the jury comes back with a verdict between 250 and 750,
22     this would be the number that you can take.
23               Do you understand that
24               MS. FROMETA:  Yes, I understand it.
25               MR. PLATTA:  Do you accept or reject this offer?
```

```
                                                                       494
          89BMFROT


1                MS. FROMETA:  I will reject it.
2                MR. PLATTA:  Are you satisfied with the assistance of
3      your counsel at this point?
4                MS. FROMETA:  Yes, I am.
5                MR. PLATTA:  Were you influenced by anyone in making
6      that decision?
7                MS. FROMETA:  No one.
8                THE COURT:  You can step down and we will move along.
9                (Recess pending verdict)
10               MR. COFFEY:  Judge, we agree on these medical records.
11     What we don't agree on are billing records and the
12     reimbursements.
13               THE COURT:  Let me see what you don't agree on.
14               Mr. Platta, you think these are irrelevant as well?
15               MR. PLATTA:  Yes.  The note was asking for Westchester
16     Medical care records and the records that defendants describe
17     as billing records are actually records of the visits that
18     happen and findings of the doctor.  Some of them are billing
19     records, some of them are not.  The records that are combined
20     together, they are actually billing records, but the rest of
21     them are just business records of treatment rendered to my
22     client.
23               THE COURT:  This is the record --
24               MR. PLATTA:  What you have in front of you, Judge,
25     right now is a billing record.  The rest of the records --
```

```
                                                                495
        89BMFROT
```

1         THE COURT:  They are not asking for billing records.
2    They just want to know when she saw them.
3         MR. PLATTA:  These records would not be applicable.
4    However, the other ones that you have in your right hand right
5    now, these are business records and they would be applicable.
6         THE COURT:  Why don't we give them the business
7    records.
8         MR. COFFEY:  On the top right there it says super
9    bill, top right of those.  It's a bill.
10        MR. PLATTA:  There is no mention of any dollar number
11   or anything on that and it only shows that the visit happened
12   on such and such date, which is on the left-hand top corner, as
13   well as treatment rendered by Dr. Krishna.
14        THE COURT:  I don't understand.  I am going to mark
15   this as Court Exhibit H.  Why are there two?  One is April and
16   one is March.
17        MR. PLATTA:  These records are records of the
18   treatment, Judge.  They are actually not bills.  They are
19   treatment records showing the treatment rendered and the dates
20   when the treatment was rendered to my client.  That's why they
21   are not bills.
22        THE COURT:  They just want the dates.  You don't have
23   one sheet of paper with the dates.
24        MR. PLATTA:  I'm sorry?
25        THE COURT:  You don't have a single sheet of paper

```
                                                                    496
          89BMFROT
```

1    with the dates that you went to visit.

2              MR. PLATTA:  No, your Honor.  Besides billing records,

3    no.  The billing records would actually have dates.

4              THE COURT:  I'm not interested in the billing records

5    unless they come attached to the records -- don't you have the

6    doctor's records of when he saw her?

7              MR. PLATTA:  No, your Honor.  They don't keep such

8    records, I guess.

9              THE COURT:  These super bills, they just tell you what

10   was wrong with her.

11             MR. PLATTA:  Exactly.  And the dates when doctors saw

12   her on the top left-hand corner.

13             MR. COFFEY:  There was no testimony to these

14   records -- I don't know if that's Dr. Krishna's records or not.

15             MR. PLATTA:  These are Dr. Krishna's records and they

16   were actually subpoenaed to the courthouse as well as

17   introduced into evidence, as well as ruled by your Honor in the

18   beginning of the trial.

19             THE COURT:  All I want you to do is write down the

20   dates that are in the right-hand corner that say 2/16/07.

21             MR. PLATTA:  It says that --

22             THE COURT:  I'm not giving them the whole record.  You

23   sit down with a pencil and you look at these with your

24   adversary, and you put down what they are asking for.  Let's

25   go.

```
                                                                         497
         89BMFROT


1                MR. PLATTA:  From these we have to choose the dates.
2                THE COURT:  We don't choose the date.  You write the
3    date down.
4                MR. PLATTA:  Correct.
5                THE COURT:  The note says:  Dr. Krishna's notes of
6    seeing the patient and his referral to Dr. Babu.
7                (Recess pending verdict)
8                THE COURT:  The final note from the jury says:  We,
9    the jury, have reached the verdict.
10               (Jury present)
11               THE DEPUTY CLERK:  Madam Foreman, please stand up.
12               THE COURT:  I gather you've reached a verdict.
13               THE FOREPERSON:  Yes, we have.
14               THE COURT:  My deputy clerk will read you through it.
15   Just listen to him and answer the questions.
16               THE FOREPERSON:  Okay.
17               THE DEPUTY CLERK:  Adonna Frometa against Mario
18   Diaz-Diaz and All American Haulers & Recycling.
19               Question 1:  Has Ms. Frometa proved, by a
20   preponderance of the evidence, that the accident that took
21   place on February 14, 2007 was a proximate cause of any of her
22   injuries?
23               THE FOREPERSON:  We, the jury, answered no.
24               THE COURT:  She is finished, as I recall it.  There
25   were no other questions to answer if you answered that question
```

```
                                                                  498
        89BMFROT
```

1  in the negative.

2　　　　　You want the jury polled, Mr. Platta?

3　　　　　MR. PLATTA:  Yes, your Honor.

4　　　　　THE DEPUTY CLERK:  Ladies and gentlemen of the jury,

5  you have heard your verdict as it has been recorded.

6　　　　　(Jury polled; each juror answered in the affirmative)

7　　　　　THE COURT:  Ladies and gentlemen, you clearly took

8  this case to heart and were, I thought, extremely hard working.

9  So I'm sorry our time together is over, but I get the

10 impression that you probably don't share my view.  Indeed, it

11 was a valuable experience for me and I trust it was for you and

12 you are discharged.

13　　　　　(Jury discharged)

14　　　　　THE COURT:  Any motions that you choose to make will

15 be made in conformity with the federal rules, which I think has

16 a jurisdictional limit on the time, but I'm prepared to waive

17 that within reason.  So just communicate with chambers as to

18 your timetable if you're planning to make any motions.

19　　　　　(Trial concluded)

20

21

22

23

24

25